ELECTRONICALLY FILED
12/17/2021 9:42 AM
Heidi Percy
County Clerk
Snohomish County, WASH
Case Number: 21-2-06004-31

SNOHOMISH COUNTY SUPERIOR COURT FOR THE STATE OF WASHINGTON

| | |
|---|---|
| MICHAEL EVANS and BARBARA EVANS, individually and as a martial community, | 21-2-06004-31 |
| | No. |
| Plaintiffs, | |
| | COMPLAINT FOR DAMAGES |
| vs. | |
| ALBERTSON'S, LLC, a foreign limited liability company, doing business as HAGGEN NORTHWEST FRESH, | |
| Defendant. | |

COME NOW the plaintiffs, Michael and Barbara Evans, by and through their attorneys, Myers & Company, P.L.L.C., and allege:

## I.  PARTIES

1.1   Plaintiffs Michael and Barbara Evans are a martial community.

1.2   Defendant Albertson's LLC is a foreign limited liability company doing business as Haggen Northwest Fresh in Stanwood, Snohomish County, Washington.

## II.  JURISDICTION AND VENUE

2.1   The acts and omissions giving rise to this cause of action occurred in Stanwood, Snohomish County, State of Washington.

COMPLAINT FOR DAMAGES - 1

MYERS & COMPANY, P.L.L.C.
1530 EASTLAKE AVENUE EAST
SEATTLE, WASHINGTON 98102
TELEPHONE (206) 398-1188

2.2    Jurisdiction and venue are properly lodged in the Snohomish County Superior Court.

### III.    FACTS

3.1    On September 3, 2021 Dr. and Mrs. Evans stopped at Haggen (located at 26603 72nd Avenue NW, Stanwood, WA 98292) to get coffee on their way to Whidbey Island.  They decided to use the restroom before getting back on the road.

3.2    As Dr. Evans walked to the restroom he tripped on some boxes of pop that were stacked at floor level.

3.3    As a result of the fall Dr. Evans suffered personal injuries.  He and Mrs. Evans have suffered economic and non-economic damages.

### IV.    FIRST CAUSE OF ACTION—NEGLIGENCE

4.1    Dr. and Mrs. Evans reallege all prior paragraphs as though fully stated herein.

4.2    Dr. Evans was a business invitee of Haggen.

4.3    Haggen owed a duty to maintain the walkways clear and free of trip hazards so they were reasonably safe.

4.4    Placing the pop at floor level created an unreasonably dangerous condition.

4.5    Haggen breached its duty of care by failing to maintain the premise in a manner safe for business invitees.

4.6    As a direct and proximate result of Haggen's negligence, Dr. Evans has suffered damages in an amount to be determined at trial.

### V.    SECOND CAUSE OF ACTION—LOSS OF CONSORTIUM

5.1    Dr. and Mrs. Evans reallege all prior paragraphs as though fully stated herein.

COMPLAINT FOR DAMAGES - 2

5.2     As a direct and proximate cause of Haggen's acts and omissions Mrs. Evans has suffered damages associated with her loss of consortium in an amount to be proven at the time of trial.

## VI.     PRAYER FOR RELIEF

WHEREFORE having fully set forth their claims against the Defendant, Dr. Evans and Mrs. Evans pray for relief as follows:

A.     For monetary judgment in an amount sufficient to compensate them for the damages they have suffered as a result of the described collision;

B.     For prejudgment interest on all liquidated amounts as allowed by law;

C.     For their reasonable costs and attorneys' fees incurred herein, pursuant to all applicable statutory, common law, and equitable theories; and

D.     For such other and further relief as the Court deems just and equitable.

DATED this 17th day of December, 2021.

MYERS & COMPANY, P.L.L.C.

Attorneys for Plaintiffs

By: _____
        Michael David Myers
        WSBA No. 22486

COMPLAINT FOR DAMAGES - 3

MYERS & COMPANY, P.L.L.C.
1530 EASTLAKE AVENUE EAST
SEATTLE, WASHINGTON 98102
TELEPHONE (206) 398-1188