UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL EVANS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ALBERTSON'S, LLC, <br><br> Defendant. | CASE NO. C22-0056JLR <br><br> ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION |

Before the court are: (1) Plaintiffs Michael Evans and Barbara Evans's complaint (Compl. (Dkt. # 1-3)); and (2) Defendant Albertson's, LLC's ("Albertson's") notice of removal (Notice (Dkt. # 1)). After reviewing the complaint, notice of removal, and Albertson's corporate disclosure statement (CDS (Dkt. # 6)), the court finds that Albertson's has failed to adequately allege facts from which the court can determine whether the parties have sufficient diversity of citizenship. The court therefore ORDERS Albertson's, within fourteen (14) days of the date of this order, to serve and file a

//

ORDER - 1

submission that includes information sufficient to identify the citizenship of the parties for purposes of establishing that the court has jurisdiction over this action.

Albertson's asserts that the court has jurisdiction under 28 U.S.C. § 1332(a)(1) and (a)(3). (Notice at 2.) "For a case to qualify for federal jurisdiction under 28 U.S.C. § 1332(a), there must be complete diversity of citizenship between the parties opposed in interest." *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1181 (9th Cir. 2004). "For purposes of diversity jurisdiction, a limited liability company 'is a citizen of every state of which its owners/members are citizens.'" *3123 SMB LLC v. Horn*, 880 F.3d 461, 465 (9th Cir. 2018) (quoting *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)); *see also* Local Rules W.D. Wash. LCR 8(a) (requiring a party asserting jurisdiction based on diversity of parties to "identify the citizenship" of any LLC party's owners and members).

Albertson's avers that Plaintiffs are residents of Washington State and that it "is a Delaware corporation with headquarters located in Boise, Idaho." (Notice at 2.) Its corporate disclosure statement indicates that Albertson's is wholly owned by Albertson's Holdings LLC, which is, in turn, owned by AB Acquisition LLC. (*See* CDS.) Albertson's, however, fails to allege the domicile of its owners or members. (*See* Notice; CDS; *see also* Compl.) Absent allegations concerning all of Albertson's owners and members, the court cannot determine whether it has properly invoked the court's subject matter jurisdiction. *See 3123 SMB LLC*, 880 F.3d at 465.

Accordingly, the court ORDERS Albertson's to SHOW CAUSE why this case should not be remanded for lack of federal subject matter jurisdiction. If Albertson's

fails to provide the court with the information described above within fourteen (14) days of the date of this order, the court will remand this action to state court. Plaintiffs may, but are not required to, respond to the court's order to show cause within the same timeframe.

Dated this 8th day of February, 2022.

JAMES L. ROBART
United States District Judge